UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUSTIN THOMPSON,

        Plaintiff,

v.                      **DECISION AND ORDER**
                          08-CV-98S

NATIONWIDE COLLECTIONS, INC.,

        Defendant.

## I. INTRODUCTION

Presently before this Court is Plaintiff's Motion for Default Judgment and *sua sponte* consideration of whether this case should be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. For the following reasons, this case will be dismissed, and Plaintiff's motion will be denied as moot.

## II. BACKGROUND

On February 4, 2008, Plaintiff Justin Thompson commenced this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by filing a Complaint in the Western District of New York. (Docket No. 1.) Defendant failed to appear and defend this case, leading to the entry of default against it on June 25, 2008. (Docket No. 5.) Plaintiff thereafter took no action.

On April 9, 2009, this Court issued an Order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (Docket No. 6.) Plaintiff responded by filing a Motion for Default Judgment, which this Court made returnable August 6, 2009. Defendant failed to appear on August 6, and this Court therefore directed Plaintiff's counsel to file an affidavit concerning damages by September 8, 2009, at which time this Court would take the Motion for Default Judgment under advisement. Plaintiff

failed to file the affidavit as directed.

On November 1, 2009, this Court *sua sponte* extended the time for Plaintiff to file his damages affidavit to November 13, 2009.  On November 3, 2009, Plaintiff's counsel filed an affidavit stating that he attempted to contact Plaintiff by telephone and letter to complete the affidavit, but that Plaintiff did not respond.  (Docket No. 16, ¶ 2.)  Plaintiff's counsel also sent Plaintiff a proposed affidavit to execute, but Plaintiff never returned it.  (Docket No. 16, ¶ 3.)  Consequently, Plaintiff's counsel related that he was unable to comply with this Court's Order.  (Docket No. 16, ¶ 4.)  In the time since November 3, 2009, no affidavit has been filed.

### III.  DISCUSSION

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where a defendant has not specifically moved for dismissal under Rule 41(b) — such as in this case[1] —  a court may nonetheless order dismissal *sua sponte*.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  In Link, the Supreme Court

---

[1] Defendant is in default.

2

noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[2] Link, 370 U.S. at 630-31.

Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar

---

[2] This authority is of ancient origins. Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

3

congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

### A. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute. He has not been in contact with his attorney nor has he responded to his attorney's efforts to contact him. Plaintiff has also not complied with this Court's Orders directing that he file an affidavit concerning his damages. With respect to duration, Plaintiff's inaction, which likely began late August or early September 2009, has caused unnecessary delay and resulted in Plaintiff's Motion for Default Judgment being incomplete. This is a failure of significant duration. See, e.g., Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. All delay in this case is attributable to Plaintiff and is of significant duration.

**B.     Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, Plaintiff has had sufficient notice that his failure to proceed with this action could result in dismissal. Plaintiff first received notice that his case could be dismissed due to inaction on April 9, 2009, when this Court issued an Order to Show Cause. (Docket No. 6.) Plaintiff also received specific notice that his failure to file his damages affidavit could result in the case being dismissed for failure to prosecute on November 1, 2009. (Docket No. 15.) Because Plaintiff was on sufficient notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

**C.     Prejudice to Defendant**

Defendant is in default. Thus, there is no prejudice to Defendant arising from Plaintiff's failure to prosecute this action.

**D.     Balance between Calendar Congestion and Due Process Rights**

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328,

5

331 (2d Cir. 1968)). Plaintiff's inaction caused this Court to issue several Orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court further notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to prosecute this case and comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

**E.     Consideration of Lesser Sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of pursuing this matter and thus, no intention to comply with this Court's Orders. Plaintiff has not cooperated with his attorney, has not executed the draft affidavit, and has repeatedly failed to respond to his attorney's communications. Consequently, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders

did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

. . .

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

For the reasons stated above, this case will be dismissed for failure to prosecute pursuant to Rule 41(b).

## V. ORDERS

IT HEREBY IS ORDERED, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that Plaintiff's Motion for Default Judgment (Docket No. 9) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: February 2, 2010
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge